## Zoller Estate

*Jules Pearlstine*, for accountant.

TAXIS, P. J., July 2, 1957.—The account shows a balance for distribution of $88,944.36, composed of the shares of stock set forth on page 2 of the summary, and cash. . . .

At the audit of the account there was filed by the parties in interest a petition to combine the trust created by the will of this decedent with a trust inter vivos created by decedent as settlor by deed dated February 19, 1952. The petition raises an important

question concerning section 992 of the Fiduciaries Act of April 18, 1949, P. L. 512.

Decedent died on August 25, 1955, leaving a will dated February 19, 1952. By the terms of his will, he devised the residue of his estate to H. Richard Eyer in trust to retain, sell, invest or reinvest the same and to pay over the income or so much of the principal as the trustee in his discretion would deem desirable for the comfortable maintenance and support of his three sisters, Elizabeth Zoller, Cary Zoller and Hannah Zoller. Hannah Zoller predeceased decedent, having died on February 17, 1955.

After the death of the surviving life income beneficiary, the remainder is to be paid one third to Helen Elizabeth Eyer, one-third to Dorothy R. Heathman and one third to Marjorie J. O'Brien.

The deed of trust inter vivos executed on February 19, 1952, also contains the exact same provisions, naming the same three life tenants and the same three remaindermen. The situation therefore discloses that the ultimate beneficiaries of the trust and the present beneficiaries are the same both in the testamentary trust and in the trust inter vivos.

All parties in interest have joined in the prayer of petition asking that the testamentary trust be combined with the inter vivos trust, and the petition for adjudication in the testamentary estate requests that the balance for distribution be awarded to H. Richard Eyer as trustee under the inter vivos trust of Elmer Zoller, dated February 19, 1952.

In this case the trusts are created by separate and distinct instruments, i.e., a will creating the testamentary trust and an inter vivos deed creating the inter vivos trust, neither of which refers to the other, and although it may well be, as petitioners allege, that the two trusts can be merged and administered more economically, it seems to the court that this case

is ruled by Brooks Estate 3 D. & C. 2d 426, where this court held we did not have authority to combine separate noncharitable trusts created by separate instruments. In Brooks Estate, both trusts were testamentary and although created by separate instruments, were identical in all respects. The combination there asked pursuant to section 992 of the Fiduciaries Act of 1949 was refused. What was there said may be repeated: "It may well be that as a matter of expediency these trusts should be combined, and it is hard to conceive a case more suitable for combination, but we are still of the opinion that this court does not have authority to combine these trusts . . . ". The petition to combine these trusts is therefore dismissed.

The net ascertained balance for distribution is awarded to H. Richard Eyer as trustee under the testamentary trust.

The account is confirmed, and it is ordered and decreed that H. Richard Eyer, executor, as aforesaid, forthwith pay the distributions herein awarded.

And now, July 2, 1957, this adjudication is confirmed nisi.